PHILIP A. GASTEIER (SBN 130043)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: PAG@LNBYB.COM; JSK@LNBYB.COM

Proposed Attorneys for Edward M. Wolkowitz,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Pacific Theatres Exhibition Corporation,<br><br>   Debtor and Debtor in Possession. | Case No.: 2:21-bk-15007-BB<br><br>Chapter 7 Case<br><br><br>**EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF**<br><br>[No Hearing or Notice Required Pursuant To Local Bankruptcy Rule 1015-1] |

1

1      Pursuant to Local Bankruptcy Rule 1015-1(b), Edward M. Wolkowitz, the Chapter 7 Trustee of the estates of Pacific Theatres Exhibition Corp. ("Exhibition"); Pacific Theatres Entertainment Corporation ("Entertainment"); ArcLight Cinema Company ("ACC"); Arclight Visions, Inc. ("AVI"); Glendale Americana Theatre, LLC ("GAT"); and Pacific Cinemas Corporation ("PCC," and collectively the "Debtors") moves, on an *ex parte* basis, for the entry of an order for joint administration of the Debtors' cases.

## I.    STATEMENT OF FACTS

1.    On June 18, 2021 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions under Chapter 7 of the Bankruptcy Code. The Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") were filed with their petitions. *See* (2:21-bk-15007-BB, Doc. No. 1); (2:21-bk-15008-BB, Doc. No. 1); (2:21-bk-15009-BB, Doc. No. 1); (2:21-bk-15010-BB, Doc. No. 1); (2:21-bk-15011-BB, Doc. No. 1); (2:21-bk-15012-BB, Doc. No. 1).

2.    Shortly thereafter, Edward M. Wolkowitz (the "Trustee") was appointed as the Chapter 7 trustee for the Debtors' bankruptcy estates.

## II.    BASIS FOR RELIEF

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Rule 1015(b)") provides, in pertinent part, "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order joint administration of the estates. Prior to entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . ." Fed. R. Bankr. P. 1015(b).

Joint administration of the Debtors' cases is warranted and appropriate under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure because the Debtors are "affiliates," as that term is defined in the Bankruptcy Code. Bankruptcy Code 101(2)(A) and (B) defines affiliate, in pertinent part, as follows: "An entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held

2

with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." *See* 11 U.S.C. § 101(2)(A) and (B).  As shown by the Schedules: (1) PCC owns 100% of Entertainment; (2) Entertainment owns 100% of Exhibition and AVI; (3) Exhibition owns 100% of GAT; and (4) AVI owns 100% of ACC. *See* (2:21-bk-15009-BB, Doc. No. 1) (PCC's Schedules A/B, Answer to Question 15); (2:21-bk-15008-BB, Doc. No. 1) (Entertainment's Schedules A/B, Answer to Question 15); (2:21-bk-15007-BB, Doc. No. 1) (Exhibition's Schedules A/B, Answer to Question 15); (2:21-bk-15012-BB, Doc. No. 1) (AVI's Schedules A/B, Answer to Question 15).  PCC directly or indirectly owns more than 20% of the other Debtors, and each of the other Debtors are owned by another debtor entity that owns more than 20% of its equity interests.  As a result, the Debtors are affiliates as that term is defined under the Bankruptcy Code.

The proposed joint administration of the Debtors' estates will not have a detrimental impact on creditors of different estates with respect to potential conflicts of interest. This Motion seeks joint administration for procedural efficiency purposes, and not substantive consolidation of the estates.  Joint administration will further the goals of procedural efficiency especially because the Debtors also share Bank of America as a major creditor in their cases.  As disclosed on the Debtors' bankruptcy schedules, Bank of America is a secured creditor of Entertainment on account of a secured credit agreement between Bank of America and Entertainment, and "the other Debtors [were] guarantors" under that agreement.  *See* (2:21-bk-15011-BB, Doc. No. 1, p. 44) (supplemental response to Part 2, Question 4 of ACC's statement of financial affairs).

The Trustee further believes that the joint administration of the Debtors' cases will avoid duplicative expenses and will ensure that creditors and interested parties in the cases will receive appropriate notice of all pertinent matters. In addition, the Trustee believes that the joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to interested parties of the Debtors' estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

     Granting joint administration will eliminate the further need for the Trustee to file identical motions and orders in each of the Debtors' cases when seeking relief that is common to all of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will allow the estates to avoid the substantial copy costs and service costs associated with filing and serving duplicative motions and other pleadings in the cases.

     In the event that the Court orders the joint administration of the Debtors' cases, the Trustee respectfully request that the following caption be approved, and that Exhibition's case be designated as the lead case:

| | |
|---|---|
| In re:<br><br>PACIFIC THEATRES EXHIBITION CORP., et al.,<br><br>     Debtors and Debtors in Possession.<br><br>☐ Affects all Debtors<br><br>☐ Affects Pacific Theatres Exhibition Corporation only<br><br>☐ Affects Pacific Theatres Entertainment Corporation<br><br>☐ Affects Pacific Cinemas Corporation only<br><br>☐ Affects Glendale Americana Theatre, LLC only<br><br>☐ Affects ArcLight Cinema Company only<br><br>☐ Affects ArcLight Visions, Inc. only | Lead Case No.: 2:21-bk-15007-BB<br><br>Jointly administered with:<br>2:21-bk-15008-BB (Pacific Theatres Entertainment Corporation)<br>2:21-bk-15009-BB (Pacific Cinemas Corporation)<br>2:21-bk-15010-BB (Glendale Americana Theatre, LLC)<br>2:21-bk-15011-BB (ArcLight Cinema Company)<br>2:21-bk-15012-BB (ArcLight Visions, Inc.)<br><br>Chapter 7 Cases<br><br>Date:<br>Time:<br>Place:  Courtroom 1539<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

### III.   CONCLUSION

Accordingly, the Trustee respectfully requests that this Court enter an order, in the form lodged concurrently herewith:

(a)   authorizing the joint administration of the Debtors' cases;

(b)   approving the form of caption suggested herein; and

(c)   granting such other and further relief as the Court deems just and proper.

DATED: July 6, 2021

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.

By:   */s/ Jeffrey S. Kwong*
PHILIP A. GASTEIER
JEFFREY S. KWONG
Proposed Attorneys for Edward M. Wolkowitz,
Chapter 7 Trustee

## DECLARATION OF EDWARD M. WOLKOWITZ

I, Edward M. Wolkowitz, hereby declare as follows:

1. I am the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estates of Pacific Theatres Exhibition Corp. ("Exhibition"); Pacific Theatres Entertainment Corporation ("Entertainment"); ArcLight Cinema Company ("ACC"); Arclight Visions, Inc. ("AVI"); Glendale Americana Theatre, LLC ("GAT"); and Pacific Cinemas Corporation ("PCC," and collectively the "Debtors").

2. I make this declaration in support of that certain *Ex Parte Motion For Entry Of An Order For Joint Administration Of Cases* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

3. On June 18, 2021 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions under Chapter 7 of the Bankruptcy Code. The Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") were filed with their petitions. *See* (2:21-bk-15007-BB, Doc. No. 1); (2:21-bk-15008-BB, Doc. No. 1); (2:21-bk-15009-BB, Doc. No. 1); (2:21-bk-15010-BB, Doc. No. 1); (2:21-bk-15011-BB, Doc. No. 1); (2:21-bk-15012-BB, Doc. No. 1).

3. Shortly thereafter, I was appointed as the Chapter 7 trustee for the Debtors' bankruptcy estates.

4. I believe that the joint administration of the Debtors' cases is appropriate.

5. As shown by the Debtors' Schedules: (1) PCC owns 100% of Entertainment; (2) Entertainment owns 100% of Exhibition and AVI; (3) Exhibition owns 100% of GAT; and (4) AVI owns 100% of ACC. *See* (2:21-bk-15009-BB, Doc. No. 1) (PCC's Schedules A/B, Answer to Question 15); (2:21-bk-15008-BB, Doc. No. 1) (Entertainment's Schedules A/B, Answer to Question 15); (2:21-bk-15007-BB, Doc. No. 1) (Exhibition's Schedules A/B, Answer to Question 15); (2:21-bk-15012-BB, Doc. No. 1) (AVI's Schedules A/B, Answer to Question 15). As a result,

the Debtors are affiliates as that term is defined under the Bankruptcy Code.

6. The proposed joint administration of the Debtors' estates will not have a detrimental impact on creditors of different estates with respect to potential conflicts of interest. This Motion seeks joint administration for procedural efficiency purposes, and not substantive consolidation of the estates. Joint administration will further the goals of procedural efficiency especially because the Debtors also share Bank of America as a major creditor in their cases. As disclosed on the Debtors' bankruptcy schedules, Bank of America is a secured creditor of Entertainment on account of a secured credit agreement between Bank of America and Entertainment, and "the other Debtors [were] guarantors" under such agreement. See (2:21-bk-15011-BB, Doc. No. 1, p. 44) (supplemental response to Part 2, Question 4 of ACC's statement of financial affairs).

7. I further believe that the joint administration of the Debtors' cases will avoid duplicative expenses and will ensure that creditors and interested parties in the cases will receive appropriate notice of all pertinent matters. In addition, I believe that the joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to interested parties of the Debtors' estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 6th day of July, 2021, at Los Angeles, California.

_____
Edward M. Wolkowitz, Declarant

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; DECLARATION OF EDWARD M. WOLKOWITZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 6, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Erin N Brady**    erin.brady@hoganlovells.com, cindy.mitchell@hoganlovells.com;tracy.southwell@hoganlovells.com
- **William S Brody**    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
- **Marsha A Houston**    mhouston@reedsmith.com
- **Brian D Huben**    hubenb@ballardspahr.com, carolod@ballardspahr.com
- **William W Huckins**    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- **Jeffrey Huron**    jhuron@dykema.com, ebailon@dykema.com;cacossano@dykema.com;DocketLA@dykema.com
- **Kristen N Pate**    ggpbk@ggp.com
- **John N Tedford**    jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.inforuptcy.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbyb.com, ewolkowitz@iq7technology.com;ecf.alert+Wolkowitz@titlexi.com

**2. SERVED BY UNITED STATES MAIL**: On **July 6, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service List served by U.S. Mail attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 6, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service List served by U.S. Mail attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 6, 2021** | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**